Nott, J.,
delivered the opinion of the court:
The claimant’s case rests upon a single fact — that the Commissioner of Internal Revenue, having this claim for a refund *290 of taxes illegally collected before him, on the 26th July, 1871, signed and transmitted to the Secretary of the Treasury tho schedule set forth in the preceding findings, of which the following are the only significant clauses:
“No. 99. A schedule of claims for the refunding of taxes erroneously assessed and paid, which have been examined and allowed, and are transmitted to the Secretary of the Treasury for his consideration and advisement, in accordance with regulations dated January 12, 1866.
“ I hereby certify that the foregoing claims for the refunding of taxes erroneously assessed and paid have been examined and allowed, and are transmitted to the Secretary of the Treasury for his consideration and advisement.
. “A. Pbeasonton,
1 ‘ Commissioner.”
Whether this schedule and these sentences constituted a final award by the Commissioner of Internal Revenue is the-only ultimate question in the case.
There are other facts connected with the official transaction,, bub they are matters of defense or explanation; the claimant’s whole case exists iii the fact that Commissioner Pleasonton on the 26th July, 1871, signed and sent to the Secretary of the-Treasury the foregoing schedule.
The law which was applicable to that fact was the Act 13th July, 1866 (Rev. Stat., § 3220), in these words:
“ The Commissioner of Internal Revenue, subject to regulations prescribed by the Secretary of the Treasury, is authorized, on appeal to him made, to remit, refund, and pay back all taxes erroneously or illegally assessed or collected, all penalties collected without authority, and all taxes that appear to be unjustly assessed or excessive in amount, or in any manner wrongfully collected.”
And the regulations which the Secretary of the Treasury had prescribed under the authority given to him by the statute were the following:
“ By the forty-fourth section of the act of Congress to provide internal revenue, etc., approved June 30,1864, a duty is devolved upon the Secretary of the Treasury to prescribe certain regulations whereby the Commissioner of Internal Revenue is authorized, on appeal to him, to remit, refund, and pay back all duties erroneously or illegally assessed or collected, and all duties that shall appear to be unjustly assessed, or excessive in amount, or in any manner wrongfully collected. The Commissioner of Internal Revenue will therefore consider the fol *291 lowing as tbe regulations established for conducting this branch of the public business:
<£ 1. As evidence in support of the claimant’s appeal there must be required the assessor’s statement of the tax assessed, and the nature of the tax, with the date of assessor’s list of taxes on which the tax appears,'and whether it is an annual, monthly, or special list of taxes. The collector must be required to state the amount of the assessed tax committed to him to collect and the amount he actually collected.
“2. In the examination of the merits of the appeal the Commissioner of Internal Revenue must require evidence of the character of the tax; that is, whether it was assessed on income, manufactures, etc., that the nature of the tax may accurately appear; and the ground should be stated upon which the tax is paid back, whether because it was erroneously or illegally assessed, or otherwise, carefully distinguishing between the remission of a tax or the refunding of a tax.
“ 3. When the appeal has been fully heard and examined the Commissioner of Internal Revenue must put into the case a certificate of his decision or judgment, with the amount in writing which should be paid back.
“4. A proper book or docket must be carefully kept in the office of the Commissioner of Internal Revenue, in which should be entered, under its proper date, the name of the claimant, with the amount of the tax which is the subject of appeal,, and the final decision of the said Commissioner.
“ 5. When, from time to time, and as the Commissioner of' Internal Revenue in the course of his public duties shall complete his examinations and give-his judgment on these appeal cases, he will transmit a weekly list of them to the First Comptroller of the Treasury, together with all the vouchers upon which,-as evidence, he rests his decision, as a matter of account, giving upon the list the proper date, the name of the claimant, and the amount found due each claimant.
“ 6. The Comptroller of the Treasury, upon receiving these lists and vouchers from the Commissioner of Internal Revenue, will cause an account to be stated and the amount to be refunded, certified to the Register of the Treasury, who will transmit a certified copy thereof to the Secretary of the Treasury, upon which a warrant on the Treasurer will be issued for the payment in the usual manner; the draft of the Treasurer, unless otherwise directed, shall be transmitted to the Commissioner of Internal Revenue, to be by him remitted, either directly to the proper parties, or through the collectors of the several districts, as the said Commissioner may deem best.
• “ 7. Where the case of an appeal involves an amount exceeding $250, and before it is finally decided, the Commissioner of Internal Revenue will transmit the ease,, with the *292 evidence in support of it, to tbe Secretary of tbe Treasury for bis consideration and advisement.
“H. McCulloch,

“ Secretary of the Treasury.

“ Treasury Department,
January 12, 1866.”
It is questionáble whether tbe Commissioner’s signing tbe schedule before quoted was tbe putting “ into the case a certificate of Ms decision or judgment,” as prescribed by the third regulation; it is not shown that the, Commissioner ever entered a “final decision” in the proper docket, as prescribed by the second; and it is certain that he never transmitted the claimant’s case to the First Comptroller, as prescribed .by the fifth. All that the Commissioner is shown to have done was “ to transmit the case” “to the Secretary of the Treasury for his consideration and advisement,” as prescribed by the seventh regulation, which transmission of the case was required in the express terms of that regulation to be “ before it is finally decided.”
The court is of the opinion that an award of the Commissioner of Internal Revenue for the refund of a tax illegally assessed can not become final and irrevocable before it has passed out of the control of the Commissioner by being transmitted to the First Comptroller of the Treasury, as prescribed by the fifth regulation of the Secretary. While it remains in the office of the Commissioner it is subject to his revision, correction, or revocation.
The court is accordingly of the opinion that in this case the action of Commissioner Pleasouton never reached the point of ultimate decision, and that when the case came back to the Commissioner’s office with the advice of the Secretary of the Treasury, the final decision was to be exercised by the Commissioner, and necessarily by the Commissioner then in office— a decision which was adverse to the claim and final as regards all other jurisdictions.
The court is also of the opinion that the regulations prescribed by the Secretary of the Treasury were properly within the .discretion reposed in him by the statute, and being authorized by law had the force of law. The ultimate decision rests with the Commissioner of Internal Revenue in such cases, but the Secretary may prescribe the manner in which the claims shall be examined, the records by which they shall be authen *293 ticated, and the methods by which they shall pass to another Bureau of the Department. The accidental language of the schedule, or other papes,by which the claim is transmitted to the Secretary for his consideration and advisement, can not control the regulation; nor could it'if it were intentionally used for that purpose by the Commissioner.
The court being of the opinion that no award was made upon which an action can be maintained, no opinion is expressed upon the question whether, if such a cause of action existed, it would be barred by the statute of limitations; nor upon the question whether the Secretary of the Treasury had authority to re-open the case and refer it to this court.
The judgment of the court is that the petition be dismissed.